**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MERRY WEST, | ) | |
| | ) | |
| Petitioner, | ) | 2:10-CV-02086-JCM-RJJ |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| SHERYL FOSTER, | ) | |
| | ) | |
| Respondent. | ) | |

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 brought by petitioner Merry West, appearing in pro se. Before the court is respondents' motion to dismiss (ECF No. 15), petitioner's opposition (ECF No. 19) and the respondents' reply (ECF No. 20). The motion to dismiss shall be granted in part.

**I.     Procedural History**

Petitioner was bound over on a charge of larceny from the person with the victim over 60 years of age following a preliminary hearing conducted on July 5, 2005, where the 88 year-old victim testified. Exhibit 1, pp. 1-21, exhibit 2.[1]  A notice of intent to pursue habitual criminal status was filed on April 11, 2006.

---

[1] The exhibits referenced in this order were submitted by respondents in support of their motion to dismiss and are found in the court's docket at ECF No. 17. Page number references on condensed transcripts are the actual page number provided by the recorder, e.g. pages 1-4 appear on a single page of the exhibit and page 1 is the upper left quadrant of the page.

Prior to trial, the elderly victim was hospitalized and was unavailable to appear to testify at trial. Exhibit 5, p. 4, 57-58. The trial court permitted the victim's preliminary hearing testimony to be read into the record over the "adamant" objections of the defense. Exhibit 5, pp 38-39; 59-60.

Following the one-day trial, petitioner was found guilty as charged. Exhibit 8. On August 24, 2006, the Judgment of Conviction was entered indicating petitioner had been adjudicated a habitual criminal and sentenced to life in prison with the possibility of parole after ten years. Exhibit 9. Petitioner appealed. Exhibits 10, 11and 12. In her opening brief, petitioner identified and argued ten grounds for relief. The appeal was denied by the Nevada Supreme Court on June 6, 2008. Exhibit 18. Rehearing and reconsideration en banc were denied. *Id.*, exhibit 20. Remittitur issued on October 21, 2008.

On October 19, 2009, petitioner filed her state post-conviction petition and a memorandum of points and authorities in support. Exhibits 21 and 22. The petition was denied by the court during a hearing on January 26, 2009, and petitioner filed a notice of appeal. Exhibit 23. On March 11, 2010, the district court entered its written findings and order. Exhibit 24. Thereafter, petitioner filed a supplemental petition, purportedly in response to the court's directive to "provide a supplement if she wishes to add to the basis of her request for the appointment of counsel." Exhibit 25 and attachments thereto. This petition was denied by the trial court on the basis that the notice of appeal divested the district court of jurisdiction over the matter. Exhibit 26. Petitioner appealed this order. Exhibit 27.

The Nevada Supreme Court consolidated the two appeals and affirmed denial of relief on November 5, 2010. Exhibit 28. The court concluded that the majority of petitioner's claims had been previously decided on direct appeal and that any claims of ineffective assistance of counsel failed because they lack specifics. *Id.*

Petitioner commenced her federal habeas corpus action on November 30, 2010. (ECF No. 1.) Her petition raises five grounds for relief including: (1) petitioner's rights to due process and

a fair trial were denied by the admission at trial of hearsay testimony and preliminary hearing testimony from the victim as well as other improper evidentiary rulings from the court; (2) there was insufficient evidence to convict petitioner; (3) judicial misconduct related to the racial make-up of the jury venire and the conduct of jury selection, in addition to interference in the defense's theory about racial prejudice; (4) ineffective assistance of counsel in failing to object to judicial misconduct; and (5) prosecutorial misconduct related to jury instructions, evidence preservation, habitual criminal adjudication, and cumulative error. The petition's substance is set out in an attached memorandum of authorities. (ECF No. 7.)

Respondents move to dismiss the petition arguing that various grounds are unexhausted and/or procedurally defaulted. Petitioner has opposed the motion and respondents replied.

**II.    Discussion**

   A.    <u>Exhaustion</u>

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[2] State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the

---

[2] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

1 United States Constitution. *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005), *citing Duncan*, 513 U.S. at 365-66.  The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001).  Additionally, a pro se petitioner may exhaust his claim by citing to State case law which applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue").

The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

The fact that the state court does not explicitly rule on the merits of petitioner's claims is irrelevant, because exhaustion requires only that the state court be given the opportunity to consider the claims that have been presented. *Smith v. Digmon*, 434 U.S. 332, 333-334, 98 S.Ct. 257, 258 (1978); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677 F.2d 427 (5th Cir. 1982) and *United States ex rel. Giesler v. Walters*, 510 F.2d 887, 892 (3d Cir. 1975).

Ground 2(a)

Respondents argue that ground 2(a), which asserts that the prosecution failed to establish the *corpus delecti* of the crime,  is unexhausted because petitioner failed to advise the state court of the federal nature of her claim.  The substance of this claim is that the state failed to prove the offense with sufficient admissible evidence.

Respondents' argument lacks merit.  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle

4

the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996). The substance of this claim is that there was insufficient reliable evidence to prove the charge. Moreover, respondents acknowledge that in her state petition, petitioner cited to the United States Supreme Court case of *In re Winship*, 397 U.S. 258 (1970), which "recites the universally accepted requirement that 'guilt of a criminal charge be established by proof beyond a reasonable doubt...' " Reply (ECF No. 20), p. 2. She offers the same citation in the federal petition. *In re Winship*, *supra.*, is, as respondents note, the principal federal case discussing the "universally accepted" burden of proof in a criminal matter. Citation to this United States Supreme Court case put the Nevada Supreme Court on notice that petitioner was raising a federal claim.

Ground 3

This ground claims in its heading that "the state and courts erred in playing a "race theory" and the state erred in denying her preemptory [sic] challenge to the sole black juror." Based on the heading alone, respondents argue the claim is unexhausted. This contention overlooks the significant factual and legal argument presented in the memorandum of authorities.[3]

Reviewing the substance of the supporting memorandum, it becomes evident that the heading is not at all what petitioner is arguing. Rather, she presents to this court the same arguments and facts that she presented to the Nevada Supreme Court on direct appeal. In the memorandum, petitioner argues that she was denied the opportunity to question the jury panel on the issue of race and its role in the prosecution. She further contends that the number of African Americans in the jury venire was not representative of the local population, denying her a jury of her peers. Ground three is exhausted. Petitioner cites to the same federal case law in the instant petition as was cited in her direct

---

[3] In fact, the petition form offers nothing by way of factual support or argument, merely directing the reader to "see attached." Giving this pro se petitioner the benefit of a more liberal reading of her pleadings as required by *Haines v. Kerner,* 404 U.S. 519 (1972), the court discounts the weight given to the headings set forth on the habeas corpus form and relies on the contents of the memorandum to discern the substance of the petition. *See Maleng v. Cook,* 490 U.S. 488, 493 (1989); *Brown v. Roe,* 279 F.3d 742, 745-46 (9th Cir. 2002).

1 appeal. In fact, it appears that the memorandum, on this claim at least, is a verbatim copy of the
2 arguments presented on direct appeal.

### Ground 4

Ground four is entitled, "Counsel failed to object to judicial misconduct - see attached." In the memorandum, petitioner asserts that her right to due process and effective assistance of counsel was violated by disparaging remarks made by the trial judge during voir dire and opening statements.

Respondents argue the claim that counsel failed to object to judicial misconduct is not exhausted because petitioner did not present this claim in the post-conviction petition. They also argue that exhaustion in the supplemental state petition, if such were attempted, was by a procedurally deficient means.

As with ground three above, it is not the title of the claim, but the substance of the claim that will establish exhaustion in this instance. The memorandum presents the identical claim to this court that petitioner presented in her direct appeal brief. *Cf.* Petition, p. 20-23 and Exhibit 13, pp 31-33. Ground four has been presented to the Nevada Supreme Court for review. It is exhausted.

Respondents also argue this claim is procedurally defaulted on the assumption that the claim was attempted in the supplemental petition which was dismissed by the trial court on the basis that it lacked jurisdiction because of the pending appeal. Because the claim was exhausted on direct appeal, the issue of procedural default in the supplemental petition is moot.

### Ground 5(c)

The petitioner identified ground 5(c) as a claim of cumulative error by the state. Respondents argue this claim is unexhausted because petitioner failed to federalize the claim on direct appeal. Respondents are correct in this argument. Ground 5(c) was not presented to the state courts as a federal claim where the case law cited there and in this petition rely solely on state law. It is unexhausted.

**III.   Petitioner's Mixed Petition**

The court finds ground 5(c) to be unexhausted in state court. A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.*

In *Rhines v. Weber*, the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The Rhines Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277.

Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has options:

1. She may submit a sworn declaration voluntarily abandoning the unexhausted claims in her federal habeas petition, and proceed only on the exhausted claims;

2. She may return to state court to exhaust her unexhausted claims, in which case her federal habeas petition will be denied without prejudice; or

3. She may file a motion asking this court to stay and abey her exhausted federal habeas claims while she returns to state court to exhaust her unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). If petitioner chooses option 3 - to seek a stay and abeyance– she must attempt to show good cause for her failure to exhaust the unexhausted claim in state court and present argument regarding the question whether or not her

7

unexhausted claim is plainly meritless. Respondent will be granted an opportunity to respond, and petitioner to reply.

If petitioner decides to abandon the unexhausted claim, she must file with the court a sworn declaration of abandonment, signed by the petitioner, herself.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART**. The court finds ground 5(c) to be unexhausted in state court.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this order to show good cause for her failure to exhaust her unexhausted claim in state court, and to present argument regarding the question whether or not her unexhausted claim are plainly meritless. Respondents shall thereafter have twenty (20) days to respond. Petitioner shall thereafter have fifteen (15) days to reply.

**IT IS FURTHER ORDERED** that alternatively, petitioner may advise the court of her desire to abandon the unexhausted claim (grounds 5(c)) by filing a sworn declaration of abandonment, signed by the petitioner, herself. This declaration shall be filed within the thirty days allowed to show cause for non-exhaustion. Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in her federal habeas petition being dismissed. Petitioner is advised to familiarize herself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice she makes regarding her petition.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon her unexhausted claim, respondents shall have **forty-five (45) days** from the date petitioner serves her declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. Petitioner shall thereafter have **thirty (30) days** following service of respondents' answer in which to file a reply.

1 **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order by moving for a stay or by abandoning the unexhausted claim within the time permitted, this case may be dismissed.

Dated this 22nd day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE