**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MERRY WEST, | ) | |
| | ) | |
| Petitioner, | ) | 2:10-CV-02086-JCM-RJJ |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| SHERYL FOSTER, | ) | |
| | ) | |
| Respondent. | ) | |

       This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 brought by petitioner Merry West, appearing in pro se. Before the court are petitioner's motion to reopen case (ECF No. 32), her motion to execute judgment (ECF No. 33), her opposition to motion to dismiss (ECF No. 34) and a third motion for counsel (ECF No. 35). Respondents have opposed the various motions and petitioner has replied. Based upon the status of the case in state court, the motions shall be denied.

       The matter has been stayed to permit petitioner to return to state court to exhaust ground 5c. As respondents report, petitioner filed her state post-conviction petition which was denied by the state district court. *(See* Opposition, Exhibit 1.)  Petitioner appealed (Opposition, Exhibit 2), but that appeal remains pending (Opposition, Exhibit 3). Because the claim must be presented to the state's highest court in order to be considered exhausted, ground 5c remains unexhausted. Therefore, the motion to reopen is premature and shall be denied without prejudice.

       In her motion to execute judgement, petitioner appears to seek an order granting her petition, but the basis for the motion is unclear. Petitioner indicates that she has (1) submitted a motion

1 to reopen; (2) submitted a motion to dismiss; (3) is not time barred; (4) submitted a motion for counsel;
2 and (5) was admitted to the hospital after suffering a heart attack. Because the motion is nonsensical
3 and unsupported by clarifying points and authorities, it shall be denied. LR 7-2.

4      Next, petitioner moves to dismiss the instant action, but seems to be confused about what
5 such a motion might mean and the differences and separate powers of state and federal courts.
6 Petitioner's motion offers argument against her petition being considered time-barred (in state court) and
7 she seems to believe that this court should interfere in state court proceedings or that this court's grant
8 of a stay to permit her to return to state court somehow forecloses a state court finding that her state
9 petition is untimely. This court will abstain from such interference. *Younger v. Harris*, 401 U.S. 37,
10 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are
11 pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford
12 adequate opportunity to raise the constitutional issue. *Middlesex County Ethics Comm. v. Garden State*
13 *Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th
14 Cir. 1994). The rationale of *Younger* applies throughout the appellate proceedings, requiring that state
15 appellate review of a state court judgment be exhausted before federal court intervention is permitted.
16 *Dubinka*, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state
17 court proceedings still considered pending). This motion shall be denied.

18      The motion for counsel (ECF No. 35) shall also be denied on the bases previously
19 discussed in denying petitioner's other such motions as well as on the basis that this action has been
20 stayed pending petitioner's return to state court.

21      **IT IS THEREFORE ORDERED** that all pending motions (ECF Nos. 32, 33, 34, and
22 35) are **DENIED.**

23      Dated, this 19 day of March, 2012.

24
25                                      UNITED STATES DISTRICT JUDGE
26