UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Merry West,<br><br>    Petitioner<br><br>v.<br><br>Sheryl Foster, et al.,<br><br>    Respondents | 2:10-cv-02086-JAD-GWF<br><br>**Order Denying Petition for Writ of Mandamus, Motions for Appointment of Counsel, and Motion for Production of Documents and Closing Case**<br><br>[ECF 7, 55, 56, 57] |

Merry West brings this habeas-corpus action challenging her Nevada state-court conviction for larceny and resultant adjudication as a habitual criminal—which resulted in a life sentence.[1] West asserts ten claims for relief. Because West has not shown that the Nevada Supreme Court's denial of her claims was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented, I dismiss her claims for relief and deny her petition. And, because West has not made a substantial showing that any of her constitutional rights were denied, I decline to issue her a certificate of appealability.

**Background**[2]

A jury in Nevada's Eighth Judicial District Court convicted West of larceny from the person, with a victim 60 years of age or older. The trial judge sentenced West under Nevada's habitual-criminal statute to life in prison, with parole eligibility after ten years.

The Nevada Supreme Court summarized the evidence presented at trial:

> West was standing near 88-year-old Arvil Worthington while Worthington cashed traveler's checks at a bank inside a grocery store. Worthington, who was wheelchair bound, then wheeled himself to the entrance of the store to wait for a bus. West offered to push him to the bus stop. While pushing his chair, West intentionally fell over

---

[1] ECF 7.

[2] This procedural history is derived from the exhibits at ECF 17–48.

>Worthington and retrieved Worthington's money from his shirt pocket. Worthington yelled that West had taken his wallet, and the police were called. West left the store before the police arrived. Following an investigation, she was identified as the assailant and she admitted to committing the crime. Worthington was hospitalized during the trial, [so] a transcript of his preliminary hearing testimony was read to the jury.[3]

West appealed her conviction and sentence; the Nevada Supreme Court affirmed, and West's subsequent petitions for rehearing were denied. West then filed a state habeas petition. The state district court denied West's petition; the Nevada Supreme Court affirmed on November 5, 2010.

On November 25, 2010, West initiated this federal-habeas action. Respondents moved to dismiss.[4] The court granted the motion in part. Finding Ground 5(c) to be unexhausted, the court gave West the option of abandoning it or returning to state court to exhaust it.[5] The court then granted West's unopposed request for a stay and abeyance so she could return to state court to exhaust Ground 5(c).

On September 22, 2011, West filed another state petition, this time raising Ground 5(c). The state district court denied the petition; West appealed, and the Nevada Supreme Court denied her appeal as untimely. West filed a motion asking the state district court to reconsider Ground 5(c), but the court declined her invitation. West appealed, and the Nevada Supreme Court dismissed for lack of jurisdiction. On May 15, 2013, this court granted West's motion to re-open this case.[6]

**Discussion**

**A.    Standard for habeas relief under 28 U.S.C. § 2254(d)**

A federal court may not grant an application for a writ of habeas corpus on behalf of a person in state custody on any claim that was adjudicated on the merits in state court unless the state-court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal

---

[3] ECF 17-8 at 2–3.

[4] ECF 15.

[5] ECF 22.

[6] ECF 46.

law or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.[7]  In making this determination, federal courts look to the last reasoned state-court decision.[8]  "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."[9]  To the extent no reasoned opinion exists, courts must independently review the record to determine whether the state court clearly erred in its application of controlling federal law or whether the state court's decision was objectively unreasonable.[10]

**B.      West's Petition**

West divides her petition into five "grounds" for relief.  These claims are nearly identical to the ten claims she raised on direct appeal to the Nevada Supreme Court.[11]  Because her presentation to the Nevada Supreme Court is more logical and cohesive, I treat her federal petition as raising ten claims paralleling, for the most part, her claims on direct appeal.

**Claim 1:  Confrontation clause**[12]

In Claim One, West alleges that her constitutional rights to confront witnesses and to a fair trial were violated because the trial court allowed the state to present hearsay statements by Worthington (the victim), including Worthington's preliminary-hearing testimony and statements he made to an investigating officer (Skipworth) and to the store manager (Beltran).

In *Crawford v. Washington*, the United States Supreme Court held that the admission of statements by a witness not present at trial does not violate the Confrontation Clause of the Sixth

---

[7] 28 U.S.C. § 2254(d).

[8] *Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013), *cert. denied* 133 S.Ct. 1831 (2013).

[9] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[10] *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (holding that "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

[11] *Compare* ECF 7 at 3–44 *with* ECF 17-7 at 20–53.

[12] Ground 1(A-E)).

1  Amendment if the declarant is unavailable and the defendant had a prior opportunity to
2  cross-examine him.[13]  West argues that the admission of Worthington's preliminary-hearing
3  testimony was unconstitutional because she did not have an *adequate* opportunity to cross-examine
4  him in that proceeding.  West claims that she met with her attorney for the first time shortly before
5  the preliminary hearing began, her attorney did not ask Worthington the questions she wanted him to
6  ask, and the court never told her the testimony could later be used against her at trial.

7  The Nevada Supreme Court rejected this claim.[14]  Applying *Crawford*, the court reasoned
8  that, because West was represented by counsel at the preliminary hearing and counsel did, in fact,
9  cross-examine Worthington, West had an adequate opportunity to cross-examine him.

10  The Nevada Supreme Court's ruling is reasonable.  West was present at the preliminary
11  hearing and represented by counsel, who cross-examined Worthington.  The Supreme Court has
12  never held a statement inadmissable when the defendant had the opportunity to cross-examine the
13  witness at a preliminary hearing and the witness was unavailable at trial.

14  The Nevada Supreme Court did, however, find that the admission of Worthington's
15  statements to Skipworth violated the confrontation clause because they were testimonial in nature
16  and Worthington was not subject to cross-examination about them.[15]  But the court also concluded
17  that admitting these statements was harmless error "because [they] added little to the evidence
18  presented to the jury and other evidence adduced overwhelmingly established West's guilt."[16]

19  A federal court will only disturb a state court's harmlessness determination if the
20  determination itself was unreasonable.[17]  Given the wealth of evidence presented at trial inculpating
21  West, including her confession and a videotape of the incident, the Nevada Supreme Court's
22  determination that admitting Worthington's statements to Skipworth was harmless error is not

---

[13] *Crawford v. Washington*, 541 U.S. 36, 59 (2004).

[14] ECF 17-8 at 3–4.

[15] ECF 17-8 at 5–6.

[16] *Id*.

[17] *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (quoting *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).

objectively unreasonable.

As to Worthington's statements to Beltran, the Nevada Supreme Court, citing *Davis v. Washington*, 547 U.S. 813 (2006), found that there was no confrontation-clause violation because the statements were made in an attempt to resolve an ongoing emergency; thus they were not testimonial in nature.[18] During Beltran's testimony, a 911 tape was played that included Beltran relaying to the operator what Worthington had told him about the theft. West argues that these statements are testimonial because they describe events that already occurred and the "ongoing emergency" had ended at the time they were made.

The Nevada Supreme Court correctly applied *Davis* and its finding is not unreasonable in light of the facts presented. Beltran testified that the 911 call was placed while West was still present at the scene.[19] At that point, Worthington was claiming that West had taken his money, while she was proclaiming her innocence.[20] Beltran further testified that, while on the phone with the 911 operator, he was urging West to remain at the scene until the police came to sort things out.[21] Thus, the record supports a conclusion that "the elicited statements were necessary to be able to *resolve* the present emergency, rather than simply to learn . . . what had happened in the past."[22] West is not entitled to habeas relief on Claim One.

**Claim 2: Admission of video evidence**[23]

West next alleges that her constitutional rights to confront witnesses and to a fair trial were violated when the trial court allowed the state to present a surveillance video at trial and permitted Officer Skipworth and Beltran to testify about footage not shown in court. West contends that the video should have been excluded under the best evidence rule trial and because the state failed to

---

[18] ECF 17-8 at 6–7.

[19] ECF 17-4 at 22.

[20] *Id.* at 22–23.

[21] *Id.*

[22] *Davis*, 547 U.S. at 827 (emphasis in original).

[23] Ground One (F-H).

properly authenticate it.

West relies heavily on purported violations of state evidence law, for which federal habeas relief is generally unavailable.[24] The erroneous admission of evidence constitutes a constitutional violation only when "there are no permissible inferences the jury may draw from the evidence" and that evidence is "of such quality as necessarily prevents a fair trial."[25]

As the Nevada Supreme Court noted, West had an opportunity to cross-examine Beltran and Officer Skipworth about their in-court descriptions of the video.[26] And West has not established how admission of the video was *unfairly* prejudicial. West has failed to show a due-process violation based on the admission of the video or Officer Skipworth's and Beltran's related testimony. Claim Two is also denied.

**Claim 3: Admission of West's confession** [27]

In Claim Three, West alleges that her constitutional rights were violated because the trial court admitted her confession into evidence even though the government failed to establish the *corpus delicti* of the crime with reliable, non-hearsay evidence, as required by Nevada law.

In Nevada, "[t]he *corpus delicti* of a crime must be proven independently of the defendant's extrajudicial admissions."[28] The burden of proof, however, is not beyond a reasonable doubt.[29] The state need only make "a slight or prima facie showing, permitting the reasonable inference that a

---

[24] *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding that a federal writ is not available for alleged error in the interpretation or application of state law); *Rhoades v. Henry*, 638 F.3d 1027, 1034, n. 5 (9th Cir. 2011) (reaffirming that "evidentiary rulings based on state law cannot form an independent basis for habeas relief.").

[25] *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) (quoting *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1465 (9th Cir. 1986)) (internal quotation marks omitted).

[26] ECF 17-8 at 11.

[27] Ground Two(A).

[28] *Doyle v. State*, 921 P.2d 901, 910 (Nev. 1996), *overruled on other grounds by Kaczmarek v. State*, 91 P.3d 16, 29 (Nev. 2004).

[29] *Id*.

1  crime was committed."[30]

2  The Nevada Supreme Court's conclusion that Worthington's preliminary-hearing testimony
3  identifying West as the person who took his money was sufficient to establish the *corpus delicti* is
4  not unreasonable.[31] This testimony was properly admissible. Thus, the Nevada Supreme Court's
5  conclusion about proof of the *corpus delicti* is unassailable. There is also no United States Supreme
6  Court case recognizing or even suggesting that a federal constitutional violation may arise from a
7  state court's failure to adhere to a state *corpus delicti* rule. Thus, this court must defer to the Nevada
8  Supreme Court's decision under § 2254(d).[32] West is not entitled to federal-habeas relief on Claim
9  Three.

10  **Claim 4: Confrontation clause**[33]

11  In Claim Four, West alleges that the trial court violated the confrontation clause by limiting
12  her cross-examination of Officer Skipworth about the circumstances of her confession. According to
13  West, the theory of her defense was that she only confessed to the crime after Officer Skipworth told
14  her she could face an enhanced penalty because the victim was elderly. She claims that the trial
15  court prevented her from cross-examining Officer Skipworth about his statements to this effect,
16  which infringed on her right to present a defense and to cross-examine a witness against her and
17  usurped the jury's role in determining the voluntariness of her confession.

18  The state court's ruling was reasonable. At trial, defense counsel asked Officer Skipworth if
19  he informed West that the victim's age would increase the penalty.[34] The trial judge sustained the
20  state's objection to that question and advised the jury that it should not be concerned about

---

[30] *Id*.

[31] ECF 17-8 at 12.

[32] *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)). ("Because our cases give no clear answer to the question presented, . . . 'it cannot be said that the state court "unreasonabl[y] appli[ed] clearly established Federal law."').

[33] Ground Two(B).

[34] ECF 17-4 at 45.

punishment.[35] The trial judge however, allowed the jury to consider that Officer Skipworth told West that the age of the victim increased the severity of the offense.[36]

West has identified no constitutional violation. To begin with, the confrontation clause prevents the introduction of testimonial hearsay only.[37] It does not guarantee a defendant boundless cross-examination of witnesses testifying against her. West's claim that her confession was involuntary is also factually unsupported. There is no dispute that she was Mirandized prior to making her confession. And, other than the statement about the enhanced penalty (which was not deceptive or untrue), West does not identify any other circumstances suggesting that she was subjected to undue pressure or coercion when she confessed.[38] I therefore decline to grant West federal habeas relief on Claim Four.

**Claim 5: Right to present a defense**[39]

West next alleges that her constitutional rights were violated because the trial court did not allow her to question the only African American person on her jury panel about racial issues. She also claims that the trial court prevented her from presenting her defense that she was misidentified as the perpetrator because she is the "wrong race." But absent from Claim Five is any indication whatsoever what evidence West intended to present to support her misidentification theory. Because claim five is a bare allegation without any factual support, is it also denied.

**Claim 6: Fair cross-section**[40]

West contends that her constitutional rights were violated because there was only one African

---

[35] *Id*.

[36] *Id*.

[37] *Davis*, 547 U.S. at 823–24.

[38] *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (holding that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment.").

[39] Ground Three(A).

[40] Ground Three(B).

1  American person in her 40-person jury venire.

2  Both the Sixth and Fourteenth Amendments to the United States Constitution guarantee a
3  defendant the right to a trial before a jury selected from a representative cross-section of the
4  community.[41] The right to a fair cross-section does not, however, mean proportional representation
5  or require that the venire perfectly mirror the community.[42] To establish a fair cross-section
6  violation, a defendant must show that "(1) the group alleged to be excluded is a 'distinctive group' in
7  the community; (2) the representation of this group in venires from which the juries are selected is
8  not fair and reasonable in relation to the number of [those] persons in the community; and (3) that
9  this underrepresentation is due to systematic exclusion of the group in the jury[-]selection process."[43]

10  The Nevada Supreme Court rejected this claim due to West's concession—when she raised
11  this objection at trial—that she did not have any evidence of exclusion.[44] West argued on appeal,
12  and continues to argue, that Clark County's use of DMV records shows systematic exclusion. But
13  this bare allegation falls well short of showing the necessary connection between Clark County's
14  chosen method of juror selection and any underrepresentation in her case.[45] The Nevada Supreme
15  Court applied the correct standard to conclude that West failed to show systematic exclusion, and
16  that conclusion is reasonable. Accordingly, Claim Six is denied.

---

[41] *Holland v. Illinois*, 493 U.S. 474 (1990).

[42] *Swain v. Alabama*, 380 U.S. 202, 205–06 (1965).

[43] *Duren v. Missouri*, 439 U.S. 357, 364 (1979).

[44] ECF 17-8 at 9.

[45] *See Randolph v. People of the State of Cal.*, 380 F.3d 1133, 1141 (9th Cir. 2004) (holding that a petitioner must show a "relationship between the disproportionately low percentage of Hispanics in the venire and the juror-selection system the County uses."); *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1165 (9th Cir. 2014) (holding that the defendant mst establish a prima facie case that the jury pool does not reflect a fair cross-section of the community "due to systematic exclusion of the group in the jury-selection process.") (internal citations and quotations omitted).

**Claim 7: Judicial misconduct**[46]

West next claims that her constitutional rights were violated when the trial court disproportionately interrupted and disparaged her trial counsel during voir dire and opening statements. Though West styles this claim as one for ineffective assistance of counsel, I more accurately construe it as one for judicial misconduct.

To obtain relief, West must show that, in the context of the trial as a whole, the judge's behavior rendered the trial so fundamentally unfair that her due-process rights were violated.[47] A trial judge's participation oversteps the bounds of propriety and deprives the parties of a fair trial only when "the record discloses actual bias . . . or leaves the reviewing court with an abiding impression that the judge's remarks . . . projected to the jury an appearance of advocacy or partiality."[48]

The Nevada Supreme Court rejected this claim and concluded that the trial judge's conduct was appropriate.[49] Having reviewed the record, I agree with the Nevada Supreme Court that the trial judge's interventions did not rise to the level of judicial misconduct. West has not shown a due-process violation for judicial misconduct, and Claim Seven is therefore denied.

**Claim 8: Jury instructions**[50]

In Claim Eight, West seeks relief based on the trial court's refusal to give a jury instruction on the state's failure to preserve evidence. West raised this claim in her direct appeal to the Nevada Supreme Court, but she did not cite to or rely upon federal law.[51] She has therefore failed to properly

---

[46] Ground Four.

[47] *See Duckett v. Godinez*, 67 F.3d 734, 740–41 (9th Cir. 1995) (stating that "to sustain a claim of [judicial misconduct] there must be an 'extremely high level of interference' by the trial judge that creates 'a pervasive climate of partiality and unfairness.'").

[48] *United States v. Parker*, 241 F.3d 1114, 1119 (9th Cir. 2001) (citation omitted).

[49] ECF 17-8 at 13.

[50] Ground Five(A-B).

[51] ECF 17-7 at 45–47.

exhaust her state-court remedies for this claim, so I need not consider it.[52]

This claim also fails on the merits.[53] West claims that the state obtained still pictures of her and her husband from the bank surveillance video and bank records of her transactions from that day, but failed to collect similar evidence about Worthington, which would have been relevant to the state's claim that Worthington and West were in the bank at the same time. West's trial counsel proposed a jury instruction that allowed the jury to infer that "lost or destroyed evidence which could have been produced by the State" was favorable to her.[54] But the trial judge declined to give the instruction, stating that he did not think that any evidence had been lost or destroyed.[55]

The Nevada Supreme Court concluded that West was not entitled to the instruction because she failed to show that purportedly lost or destroyed evidence was "material"—i.e., that there was "a reasonable probability that a photograph of Worthington at the bank or other bank records would have changed the outcome at trial."[56] West has provided no reason for me to reach a different conclusion, so Claim Eight is denied.

**Claim 9:  Cumulative error**[57]

West claims that she is entitled to relief based on the cumulative effect of the trial court's errors. As noted above, this court previously found this claim to be unexhausted and gave West the option of returning to state court to exhaust it, which she did. Respondents now argue that I am procedurally barred from considering West's cumulative-error claim.

A state prisoner's failure to comply with the state's procedural requirements when presenting

---

[52] *See Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000) (holding that, to exhaust a claim, a petitioner must alert the state courts that he is asserting a federal constitutional claim).

[53] *See* 28 U.S.C. § 2254(b)(2).

[54] ECF 7 at 38; ECF 17-4 at 18.

[55] ECF 17-4 at 18.

[56] ECF 17-8 at 14.

[57] Ground Five(C).

his claims to the state court is barred from obtaining a writ of habeas corpus in federal court if the procedural bar imposed by the state court was independent of the federal question and adequate to support the judgment.[58] The Nevada Supreme Court, applying NRS § 34.575, determined it lacked jurisdiction to hear West's cumulative-error claim.[59]

The bar imposed by the Nevada Supreme Court under NRS § 34.575 is independent of the federal question presented in West's claim and is also adequate to support its dismissal. This claim also fails on the merits. Because West has identified no constitutional violation, her claim for relief—based on the cumulative effect of alleged constitutional errors—likewise fails. Accordingly, West is not entitled to habeas relief for the alleged cumulative errors of the trial court.

**Claim 10:  Adjudication as a habitual criminal**[60]

West claims that the state court violated her constitutional rights by summarily adjudicating her a habitual criminal. She asserts that the court adjudicated her a habitual criminal after a brief hearing and that the judge was biased against her. West claims that the judge did not review supporting documentation submitted by the state (totaling approximately 200 pages) that would have shown: (1) that the state failed to provide court judgments for at least 5 of the 20 cases; (2) 12 of the cases involved convictions "arising at the same time, all occurring in 1981"; and that 16 of her cases were "stale" because they arose before 1989. West also argues that she was entitled to a jury trial on the habitual-criminal charge.

The Nevada Supreme Court considered and rejected all of these arguments.[61] Matters relating to state sentencing are governed by state law and generally are not cognizable on federal-

---

[58] *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

[59] ECF 48-2 at 2.

[60] Ground Five(D-E).

[61] *See* ECF 17-8 at 15–18 (finding, among other things, that "the [s]tate presented certified judgments of conviction for fifteen convictions, and documentation of parole revocation for five more convictions, which occurred in Nevada, Texas, and California.").

habeas review.[62] The Supreme Court has never found a constitutional violation based on a state court's imposition of a habitual-criminal penalty, and it has held that a prior conviction that is used as a sentencing enhancement is not subject to the jury requirement and need not be proven beyond a reasonable doubt.[63] There is no federally established right to a jury trial for habitual-criminal adjudication, and the Nevada Supreme Court's rejection of this claim is reasonable. I therefore decline to grant West federal-habeas relief on this basis.

**C.     Certificate of Appealability**

Because I have rejected all of West's claims, I finally consider whether she should be granted a certificate of appealability. The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right."[64] When a district court has rejected all constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. When a district court denies a habeas petition on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[65] Having considered all of West's claims under the appropriate standards, I find that West has not made these requisite showings, and I decline to issue her a certificate of appealability for any of her claims.

---

[62] *See, e.g., Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law"); *Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002) (rejecting as noncognizable the claim that the trial court had failed to exercise its discretion under California law), *vacated on other grounds*, 538 U.S. 901 (2003).

[63] *Almendarez-Torres v. United States*, 523 U.S. 224, 243–247 (1998).

[64] 28 U.S.C. § 2253(c).

[65] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that West's petition for writ of habeas corpus **[ECF 7]** is **DENIED in its entirety;** IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that West's motions for appointment of counsel **[ECF 55, 56]** are **DENIED**; and West's motion for production of documents **[ECF 57]** is **DENIED** as moot because respondents have provided West the requested document.

The Clerk of Court is instructed to enter judgment accordingly and **CLOSE THIS CASE.**

Dated this 2nd day of February, 2016.

_____
Jennifer A. Dorsey
United States District Judge